UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLEON ANTHONY CLARK,

                    *Plaintiff*,

   v.

OFFICER HUTCHINSON *and* OFFICER MARTINEZ,

                    *Defendants*.

No. 24-CV-2147 (KMK)

ORDER & OPINION

Appearances:

Cleon Anthony Clark
Valhalla, NY
*Pro se Plaintiff*

Marykate Quinn, Esq.
Steven Joseph Bushnell, Esq.
The Quinn Law Firm PLLC
White Plains, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

      Cleon Anthony Clark ("Plaintiff"), proceeding pro se, brings this Action against Officer Hutchinson ("Hutchinson") and Officer Martinez ("Martinez") (together, "Defendants"), alleging claims that sound in excessive force and false arrest, and seeking $50,000 and an order directing Defendants "to go back to training so this will never happen to anyone else." (*See* 2024 Compl. (Dkt. No. 1) 4–5.) Before the Court is Defendants' Motion to Dismiss (the "Motion"). (*See* Not. of Mot. (Dkt. No. 14).) For the reasons discussed below, the Motion is granted in part.

I. Background

A. Factual Background

The following facts are taken from Plaintiff's 2024 Complaint and are assumed to be true for the purpose of ruling on the instant Motion. *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

Plaintiff alleges that on or about May 6, 2022, he observed Hutchinson "harass [a] lady" on Fourth Avenue in Mount Vernon. (2024 Compl. 4.) Hutchinson then "turned to[ward Plaintiff] furious" and told Plaintiff "to get the fuck out of here [or else] something bad [will] happen to you." (*Id.*) Hutchinson then pushed Plaintiff "hard" and put his hand on Plaintiff "like [Hutchinson] wanted to fight." (*Id.*) Hutchinson and "[three] other officers rush[ed]" Plaintiff toward a gate, threw him on the ground, and punched him in the head. (*Id.*) Plaintiff screamed that his arm was hurting and that he needed medical attention. (*Id.*) Plaintiff was then arrested. (*Id.*) Plaintiff alleges that he later went to Mount Vernon Hospital on an unspecified date, where hospital employees put a cast on his left wrist and gave him medication for the pain. (*Id.* 5.)

On or about July 14, 2022, Plaintiff was at an Auto Zone located in Mount Vernon to buy spray paint. (*Id.*) Plaintiff was accused of stealing spray paint by an unidentified individual or individuals, at which point Plaintiff left the store. (*Id.*) Plaintiff was exiting the Auto Zone parking lot on his scooter when Martinez got out of his car, pushed Plaintiff off his scooter, and hit Plaintiff in the head. (*Id.*) Plaintiff alleges that as a result of this incident he gets migraines and has to go to physical therapy. (*Id.*)

B.  Procedural Background

On March 21, 2024, Plaintiff initiated this Action.  (*See generally* 2024 Compl.)  The Court granted Plaintiff's request to proceed in forma pauperis, that is, without prepayment of fees.  (*See* Dkt. No. 6.)  On May 17, 2024, the Court set a briefing schedule.  (*See* Dkt. No. 11.)

On June 17, 2024, Defendants filed their Motion.  (*See* Not. of Mot.; Defs' Mem. in Supp. of Mot. ("Defs' Mem.") (Dkt. No. 16); Decl. of Marykate Acquisto ("Acquisto Decl.") (Dkt. No. 15).)  Plaintiff did not file an Opposition.  (*See generally* Dkt.)  On August 1, 2024, Defendants filed a reply declaration.  (*See* Defs' Reply Decl. in Supp. of Mot. (Dkt. No. 18).)

The docket indicates that Plaintiff was served Defendants' moving papers on June 17, 2024.  (*See* Dkt. No. 17.)  Plaintiff was thus on notice that a Motion to Dismiss was filed.  Accordingly, the Court deems the Motion fully submitted and will decide it on the merits.  *See Mayo v. Reid*, No. 23-CV-9719, 2024 WL 5158212, at *2 (S.D.N.Y. Dec. 18, 2024) (deeming a motion fully submitted after plaintiff had received ample notice of its submission); *Peachey v. Zayaz*, No. 23-CV-06409, 2024 WL 4932527, at *1 n.2 (S.D.N.Y. Dec. 2, 2024) (same).

## II.  Discussion

Defendants argue that this Action should be dismissed in its entirety because it "is based on the same conduct taken by the same Defendants [who] appear in another lawsuit [that] [Plaintiff] . . . brought in the [Southern District of New York] in April of 2023."  (Defs' Mem. 2.)

A.  Standard of Review

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."  *Culbreth v. Manuel*, No. 24-CV-497, 2025 WL 35059, at *3 (S.D.N.Y. Jan. 6, 2025) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133,

3

138 (2d Cir. 2000)). "This is because a plaintiff has 'no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.'" *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019) (quoting *Curtis*, 226 F.3d at 139). "The purpose of the rule against duplicative litigation is to 'foster judicial economy' and the 'comprehensive disposition of litigation.'" *RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*, No. 19-CV-4894, 2020 WL 5709180, at *4 (E.D.N.Y. Sept. 24, 2020) (quoting *Curtis*, 226 F.3d at 138).

> For two suits to be the same, "there must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same."

*Marciniak v. Mass. Inst. of Tech.*, No. 23-CV-10305, 2024 WL 4350872, at *8 (S.D.N.Y. Sept. 29, 2024) (quoting *Sacerdote*, 939 F.3d at 504)). In other words,

> two suits are the same for the purposes of the rule against claim splitting when: (1) the parties in the later-filed suit are the same as, or in privity with, the parties in the earlier-filed suit; and (2) the claims asserted in the later-filed suit were, or could have been, raised in the earlier-filed suit.

*Id.* (citing *Sacerdote*, 939 F.3d at 504–06 & n.25). "As to the first requirement, generally, the parties to each suit must be the same." *Id.* With respect to the second requirement, whether a claim could have been raised in the previously filed suit "depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014). This "does not require that all aspects of the new and prior suits be identical but rather, focuses on whether the two claims arise from the same 'nucleus of operative fact.'" *Trireme Energy Dev., LLC v. RWE Renewables Ams., LLC*, No. 22-CV-7439, 2023 WL 5469662, at *8 (S.D.N.Y. Aug. 24, 2023)

(quoting *Davis v. Norwalk Econ. Opportunity Now, Inc.*, 534 F. App'x 47, 48 (2d Cir. 2013)

(quoting *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000))).

> The Second Circuit has identified three factors as "crucial" to whether two claims arise from a common nucleus of operative fact: (a) "whether the underlying facts are related in time, space, origin, or motivation"; (b) whether the two claims "form a convenient trial unit"; and (c) "whether their treatment as a unit conforms to the parties' expectations."

*Marciniak*, 2024 WL 4350872, at *9 (quoting *Waldman*, 207 F.3d at 108).

B.  Analysis

As noted above, Defendants argue that this Action ("2024 Action") is entirely duplicative of another suit that Plaintiff initiated in 2023. (*See* Defs' Mem. 2–5.) The 2024 Action was initiated on March 21, 2024. (*See* 2024 Compl.) Defendants assert that a complaint filed by Plaintiff on April 18, 2023, "essentially mirrors the [2024] Complaint." (Defs' Mem. 2; *compare* 2024 Compl. *with* Acquisto Decl., Ex. B ("2023 Compl.") (Dkt. No. 15-2).) Defendants further note that this other suit ("2023 Action") is "in the discovery stage of litigation." (Defs' Mem. 2.)

Defendants are correct that a significant portion of the 2024 Action mirrors the entirety of the 2023 Action. The first requirement is met as both complaints name Hutchinson and Martinez as defendants. (*See* 2024 Compl. 3; 2023 Compl. 2–3.) *See also Culbreth*, 2025 WL 35059, at *4 (finding this factor met where "[p]laintiff, in both actions, presses claims against [the same individuals]."); *Marciniak*, 2024 WL 4350872, at *10 (finding this requirement met where the same individuals were "named defendants in both suits."). "That Plaintiff names [the Mount Vernon Police Department] as a defendant in [the 2023 Action], but not [in the 2024 Action] does not change the analysis," because the 2024 Action "presses the same claims against the same individual defendants." *Culbreth*, 2025 WL 35059, at *4.

As to the second requirement, the 2024 Action clearly arises, in part, from the same nucleus of operative facts as the 2023 Action. Specifically, "Part 1" of the 2024 Complaint and

5

the 2023 Complaint as a whole "are not just 'related,' they are indeed the same." *Marciniak*, 2024 WL 4350872, at *9 (quoting *Waldman*, 207 F.3d at 108). In the 2023 Complaint, Plaintiff brings causes of action that all stem from Hutchinson's alleged use of excessive force against Plaintiff and Plaintiff's subsequent arrest. (*See* 2023 Compl. 12–13.) Most of Plaintiff's causes of action in the instant Action stem from this same set of alleged facts. (*Compare* 2023 Compl. 12–13 *with* 2024 Compl. 4–5.) "Not only are the underlying facts the same, but the two units would form a convenient trial unit, and treating the two suits as such would conform to the parties' expectations." *Marciniak*, 2024 WL 4350872, at *10. Both complaints allege that Plaintiff's First, Fourth, and Sixth Amendment rights were violated by Officer Hutchinson, (*see* 2023 Compl. 3; 2024 Compl. 4), thereby raising common questions of law. This unity in causes of action "leaves no doubt that [the 2023 Action and Part 1 of the 2024 Complaint] would form a convenient trial unit and that Defendants would have expected Plaintiff[] to bring all claims in one suit." *Marciniak*, 2024 WL 4350872, at *10; *see also Davis*, 534 F. App'x at 48 (affirming the district court's application of the rule against duplicative litigation where "the facts alleged in the two complaints" were "nearly identical" and "both actions share[d] a common inquiry"). Accordingly, because Part 1 of the 2024 Complaint is duplicative of the 2023 Action, it is dismissed.

The analysis does not end there, for Defendants go further and argue that "there is *nothing* distinguishable about the [2024] Complaint . . . which would warrant its preservation." (Defs' Mem. 4 (emphasis added).) This is simply not the case—Defendants either overlook or willfully ignore Plaintiff's allegations concerning the July 14, 2022, incident with Martinez at Auto Zone. (2024 Compl. 5.) There are absolutely no allegations concerning this incident in the 2023 Complaint. (*See generally* 2023 Compl.) It simply cannot be said, therefore, that the 2024

6

Complaint is *wholly* duplicative of the 2023 Complaint. Accordingly, Defendants' Motion is denied as to the Part 2 of the 2024 Complaint. (*See* 2024 Compl. 5.) *See also Torres v. City of New York*, No. 19-CV-6332, 2019 WL 6051550, at *3–4 (S.D.N.Y. Nov. 13, 2019) (dismissing the portions of Plaintiff's complaint that were duplicative but finding that some of plaintiff's claims survived the motion to dismiss).

### III.  Conclusion

For the reasons set forth above, it is hereby ORDERED that Defendants' Motion is granted in part and denied in part. Because this is the first adjudication of Plaintiff's claims on the merits before the Court, dismissal is without prejudice. If Plaintiff wishes to file an amended complaint alleging additional facts and claims that are not duplicative of those in the 2023 Action, Plaintiff must do so within 30 days of the date of this Order. The amended complaint will replace, not supplement, the previous complaints. The Clerk of the Court is respectfully directed to terminate the pending Motion. (Dkt. No. 14).

SO ORDERED.

Dated:   March 20, 2025
         White Plains, New York

                                        KENNETH M. KARAS
                                        United States District Judge