UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLEON ANTHONY CLARK,

                        *Plaintiff*,

    v.

OFFICER HUTCHINSON, *and* OFFICER MARTINEZ,

                        *Defendants*.

No. 24-CV-2147 (KMK)

ORDER & OPINION

---

Appearances:

Cleon Anthony Clark
Valhalla, NY
*Pro Se Plaintiff*

Marykate Quinn, Esq.
Steven Joseph Bushnell, Esq.
The Quinn Law Firm PLLC
White Plains, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

    Cleon Anthony Clark ("Plaintiff"), proceeding pro se, brings this Action against Officer Hutchinson ("Hutchinson") and Officer Martinez ("Martinez") (together, "Defendants"), alleging excessive force and false arrest. (*See* 2024 Compl. (Dkt. 24-CV-2147, No. 1).) On March 20, 2025, this Court granted in part and denied in part Defendants' Motion to Dismiss. (*See generally* Mot. to Dismiss Order ("Order") (Dkt. 24-CV-2147, No. 20).) Before the Court is Defendants' Motion for Reconsideration (the "Motion"). (*See* Not. of Mot. (Dkt. 24-CV-2147, No. 23).) For the reasons discussed below, the Motion is granted.

I.  Background

A.  Factual Background

The following facts are taken from Plaintiff's 2024 Complaint and are assumed to be true for the purpose of ruling on the instant Motion.  *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

Plaintiff alleges that on or about May 6, 2022, he observed Hutchinson "harass [a] lady" on Fourth Avenue in Mount Vernon.  (2024 Compl. 4.)  Hutchinson then "turned to[ward Plaintiff] furious" and told Plaintiff "to get the fuck out of here [or else] something bad [will] happen to you." (*Id.*)  Hutchinson then pushed Plaintiff "hard" and put his hand on Plaintiff "like [Hutchinson] wanted to fight." (*Id.*)  Hutchinson and "[three] other officers rush[ed]" Plaintiff toward a gate, threw him on the ground, and punched him in the head. (*Id.*)  Plaintiff screamed that his arm was hurting and that he needed medical attention. (*Id.*)  Plaintiff was then arrested. (*Id.*)  Plaintiff alleges that he later went to Mount Vernon Hospital on an unspecified date, where hospital employees put a cast on his left wrist and gave him medication for the pain. (*Id.* 5.)

On or about July 14, 2022, Plaintiff was at an Auto Zone located in Mount Vernon to buy spray paint. (*Id.*)  Plaintiff was accused of stealing spray paint by an unidentified individual or individuals, at which point Plaintiff left the store. (*Id.*)  Plaintiff was exiting the Auto Zone parking lot on his scooter when Martinez got out of his car, pushed Plaintiff off his scooter, and hit Plaintiff in the head. (*Id.*)  Plaintiff alleges that as a result of this incident he gets migraines and has to go to physical therapy. (*Id.*)

B. Procedural Background

    1. 2023 Action

On April 18, 2023, Plaintiff initiated an action against Defendants and "Mount Vernon Police (All)" that was assigned to Judge Román. (*See* 2023 Compl. (Dkt. 23-CV-3271, No. 1); Dkt. 23-CV-3271, minute entry dated May 11, 2023.) On May 16, 2023, Judge Román dismissed "Mount Vernon Police (All)," i.e., the Mount Vernon Police Department, from the case. (*See* Dkt. 23-CV-3271, No. 7 at 2.) The case moved to discovery on April 19, 2024. (*See* Dkt. 23-CV-3271, No. 30.) On June 18, 2024, Plaintiff amended his Complaint ("2023 Amended Complaint"). (*See* 2023 Am. Compl. (Dkt. 23-CV-3271, No. 37).) Discovery concluded on November 15, 2024. (*See* Dkt. 23-CV-3271, No. 87.) Plaintiff's original 2023 Complaint mentioned only the May 6, 2022, incident between Hutchinson and Plaintiff. (*See* 2023 Compl.) Plaintiff's Amended 2023 Complaint added the AutoZone incident. (*See* 2023 Am. Compl. at 6.)

On January 21, 2025, Defendants moved for summary judgment. (*See* Not. of Mot. (Dkt. 23-CV-3271, No. 81).) Plaintiff's Opposition is due July 7, 2025, and Defendants' Reply is due August 7, 2025. (*See generally* Dkt. 23-CV-3271.)

    2. 2024 Action

On March 21, 2024, Plaintiff initiated this Action ("2024 Complaint"). (*See* 2024 Compl. (Dkt. No. 1).) On June 17, 2024, Defendants filed their Motion to Dismiss. (*See* Dkt. 24-CV-2147, No. 16.) Plaintiff did not file an Opposition. (*See generally* Dkt. 24-CV-2147). In their Motion to Dismiss, Defendants argued that this Action should be dismissed in its entirety because it "is based on the same conduct taken by the same Defendants [who] appear in another lawsuit [that] [Plaintiff] . . . brought in the [Southern District of New York] in April of 2023."

3

(*See* Dkt. 24-CV-2147, No. 16 at 2.)  Crucially, Defendants' Motion to Dismiss was predicated on Plaintiff's 2023 Complaint, and they did not mention the 2023 Amended Complaint in their reply brief.  (*See* Dkt. 24-CV-2147, No. 18.)

On March 20, 2025, this Court granted in part and denied in part Defendants' Motion to Dismiss.  (*See generally* Order.)  The Court dismissed Part 1 of the 2024 Complaint, which covered the May 6, 2022, incident between Plaintiff and Hutchinson.  (*Id.* 5–6.)  The Court denied the motion with respect to Part 2 of the 2024 Complaint, which covered the AutoZone incident.  (*Id.* 6–7.)

On April 3, 2025, Defendants submitted the instant Motion.  (*See* Defs' Mem. of Law in Supp. of Mot. ("Defs' Mem.") (Dkt. 24-CV-2147, No. 24).)  Plaintiff did not respond.  (*See generally* Dkt. 24-CV-2147.)

## II.  Discussion

### A.  Standard of Review

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  *Rivas v. Melecio*, No. 23-CV-5718, 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024) (quoting *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013)); *see also Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, No. 13-CV-4577, 2018 WL 11396029, at *2 (S.D.N.Y. June 6, 2018).

In the Second Circuit, motions for reconsideration are judged by a strict standard and should not be granted where the moving party seeks solely to relitigate an issue already decided.  *See Sacerdote v. New York Univ.*, 9 F.4th 95, 118 n.94 (2d Cir. 2021) (citing *Shrader v. CSX*

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (internal quotation marks and citation omitted)). "[R]econsideration is appropriate when new evidence was not previously available despite diligence." *Williams v. Westchester Med. Ctr. Health Network*, No. 21-CV-3746, 2025 WL 1002010, at *1 (S.D.N.Y. Apr. 2, 2025); *see also Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 146 (2d Cir. 2011) (noting that evidence that the moving party "had known about . . . for over a year" was neither new nor newly discovered). "Motions for reconsideration are not intended to be 'a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Fecteau v. City of Mount Vernon*, No. 23-CV-9173, 2025 WL 873018, at *19 (S.D.N.Y. Mar. 20, 2025) (quoting *Harriram v. City Univ. of New York*, No. 22-CV-9712, 2024 WL 4553906, at *3 (S.D.N.Y. Oct. 22, 2024) (denying a motion for reconsideration where plaintiff failed to provide "data that the court overlooked")). "A movant may not 'rely upon facts, issues, or arguments that were previously available but not presented to the court.'" *Azzarmi v. Neubauer*, No. 20-CV-9155, 2023 WL 6255678, at *1 (S.D.N.Y. Sept. 26, 2023) (quoting *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014)). "A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Techiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

B.  Analysis

Defendants renew the argument that this Action is duplicative of the action before Judge Román.  As mentioned above, a motion for reconsideration is not a means to "put forward additional arguments which the movant could have made, but neglected to make before judgment."  *Davidson v. Scully*, 172 F Supp. 2d 458, 464 (S.D.N.Y. 2001) (quoting *Goldstein v. State of New York*, No. 00-CV-7463, 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001)); *see also United States v. M/Y Amadea*, No. 23-CV-9304, 2025 WL 754124, at *9 (S.D.N.Y. Mar. 10, 2025) (denying reconsideration where movants offered no explanation why the available evidence was not presented during court supervision of the dispute), *appeal pending*, No. 25-869 (2d Cir. Apr. 11, 2025); *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Pro. Football Ltd. P'ship*, 409 F. App'x. 401, 402 (2d Cir. 2010) (summary order) ("It is black letter law that a 'motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.'" (quoting *Davidson*, 172 F Supp. 2d at 461)).

Defendants argue for reconsideration on the basis of Plaintiff's 2023 Amended Complaint, but "concede" that they could have, but did not, notify the Court of the 2023 Amended Complaint during briefing on their Motion to Dismiss.  (Defs' Mem. 3–4.)  Because Plaintiff's 2023 Amended Complaint was available to Defendants while briefing was ongoing, it does not constitute new evidence that would warrant granting the instant Motion.  *See Kinsella v. Bureau of Ocean Energy Mgmt.*, No. 23-CV-2915, 2024 WL 5168944, at *2 (E.D.N.Y. Dec. 19, 2024) (denying motion for reconsideration because the allegedly new evidence "'was readily available at the time of the earlier briefing' and thus [did] not warrant reconsideration" (quoting *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021))), *motion for relief from judgment*

*denied,* 2025 WL 1548943 (E.D.N.Y. May 30, 2025); *Araujo v. New York City Dep't. of Educ.*, No. 20-CV-7032, 2020 WL 6392818, at *3 (S.D.N.Y. Nov. 2, 2020) (stating that evidence available at the time of the original motion does not warrant reconsideration); *cf. Schoolcroft v. City of N.Y.*, 298 F.R.D. 134, 137–38 (S.D.N.Y. 2014) (granting reconsideration when the movant provided additional context for existing facts of the case during briefing). Accordingly, Defendants' failure to inform the Court of Plaintiff's 2023 Amended Complaint does not alone warrant reconsideration.

Defendants also argue for reconsideration to prevent a "manifest injustice." (*See* Defs' Mem. 3 (quoting *Anwar v. Fairfield Greenwich Ltd.*, 745 F. Supp. 2d 379, 383–84 (S.D.N.Y. 2010)). Reconsideration may be warranted "to prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020). Manifest injustice is "an error committed by the trial court that is direct, obvious, and observable." *United States v. Lesane*, No. 22-CR-110, 2023 WL 315268, at *3 (S.D.N.Y. Jan. 19, 2023) (quoting *Corpac v. Rubin & Rothman*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013)). Such relief is warranted "only in the proverbial 'rare case.'" *Corsair Special Situations Fund, L.P. v. Nat'l Res.*, 595 F. App'x 40, 44 (2d Cir. 2014) (summary order) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). This is one such rare case, as poor briefing failed to present the Court with all relevant and necessary information, causing the Court to dismiss Plaintiff's 2024 Complaint only in part. Accordingly, the Court grants the instant Motion. *Cf. Anwar*, 745 F. Supp. 2d at 383 (granting reconsideration to prevent manifest injustice where "technicality" and unclear briefing caused court to dismiss negligence claims that were properly pled).

The Court construes Defendants' Motion to also include a renewed motion to dismiss on the ground of duplicative litigation. The Court finds that the remaining portion of the 2024

Complaint is wholly duplicative of Plaintiff's action before Judge Román. (*Compare* 2024 Compl. at 5 (discussing AutoZone incident) *with* 2023 Am. Compl. at 6 (describing the same incident).) "[A] [p]laintiff has 'no right to maintain two actions on the same subject in the same court, against the same [d]efendant at the same time.'" *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000)). Permitting this Action to proceed would fly in the face of the rule against duplicative litigation, which serves to "'foster judicial economy' and the comprehensive disposition of litigation." *RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*, No. 19-CV-4894, 2020 WL 5709180, at *4 (E.D.N.Y. Sept. 24, 2020) (internal quotation marks omitted) (quoting *Curtis,* 226 F.3d at 138). The action before Judge Román is significantly further into litigation than this Action and puts this Court at risk of relitigating claims that are identical to those that are further along in another federal court, which is highly discouraged. *Sacerdote*, 9 F.4th at 118 n.94 (citing *Shrader*, 70 F.3d at 257); *Greenaway v. Apple-Metro, Inc.*, No. 13-CV-2818, 2013 WL 12216603, at *2 (E.D.N.Y. Nov. 19, 2013) (dismissing under duplicative action rule for "substantial overlap"). Accordingly, this Court agrees with Defendants that dismissal is warranted.

III.  Conclusion

For the reasons set forth above, it is hereby ORDERED that Defendants' Motion is granted and the 2024 Complaint is dismissed.  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 23 and close the case.

SO ORDERED.

Dated:   July 2, 2025
         White Plains, New York

KENNETH M. KARAS
United States District Judge